UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Cause No.: 3:23-cv-00160 ) ) |
| v. | ) ) ) |
| RUTH C. WILL, THOMAS LOCKYEAR, KAREN LOCKYEAR, JOE KOESTER, BRIAN KOESTER and J & B FARMS TRUCKING, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Grinnell Mutual Reinsurance Company ("Grinnell"), by counsel, for its Complaint for Declaratory Judgment against Defendants, Ruth C. Will, Thomas Lockyear, Karen Lockyear, Joe Koester, Brian Koester and J & B Farms Trucking, LLC, states as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for declaratory and other relief brought pursuant to the provisions of 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for the determination of a controversy between Grinnell and Defendants, Ruth C. Will, Thomas Lockyear and Karen Lockyear (collectively, the "Lockyears"), Joe Koester and Brian Koester (collectively, the "Koesters"), and J & B Farms Trucking, LLC ("J & B").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy, as set out more fully in this Complaint, without interest and costs exceeds the value specified by 28 U.S.C. § 1332 ($75,000).

1

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the Court has personal jurisdiction over Ms. Will, the Lockyears, the Koesters and J & B, as their residences and domiciles are located in this district. Moreover, a substantial part of the events that are the subject of this matter, namely the alleged incidents triggering the insurance claim at issue, occurred in this district.

**PARTIES**

4. Grinnell is a corporation formed and existing under the laws of Iowa, with its principal place of business in Grinnell, Iowa. Grinnell is therefore a citizen of Iowa pursuant to 28 U.S.C. § 1332(c)(1).

5. Ms. Will is a resident of Indiana and domiciled at 11601 Winery Road, Wadesville, IN 47638 and therefore is a citizen of Indiana pursuant to 28 U.S.C. § 1332(c)(1).

6. Defendant J & B is an Indiana limited liability company with its principal office address at 4921 Saint Wendel Cynthiana Road, Wadesville, IN 47638. J & B is a citizen of Indiana because each of its two members (Brian Koester and Becky Koester) are domiciled in Indiana and thus Indiana citizens. J & B is named to this lawsuit to answer to its interests and to be bound by the Court's coverage determination.

7. The Koesters are residents of Indiana and domiciled in Indiana in Vanderburgh County and therefore are citizens of Indiana pursuant to 28 U.S.C. § 1332(c)(1). The Koesters are named to this lawsuit to answer to their interests and to be bound by the Court's coverage determination.

8. The Lockyears are residents of Indiana and are domiciled at 11737 St. Wendel Road, Evansville, IN 47720, and therefore the Lockyears are citizen of Indiana pursuant to 28 U.S.C. § 1332(c)(1). The Lockyears are named to this lawsuit to answer to their interests and to

be bound by the Court's coverage determination.

## BACKGROUND

9. Grinnell issued a Grinnell Mutual Reinsurance Company Farm-Guard Policy, with the policy number 9128-FG, to Ruth and Freeman Will with a policy period of March 16, 2015 to March 16, 2016 (the "Policy"). The Policy provides liability coverage of $1 million per occurrence, with an annual aggregate limit of $2 million. The Policy has been renewed continuously since its inception. A true and accurate copy of the Policy and the renewals are attached as **Exhibits 1-9**.

10. On July 18, 2023, the Lockyears filed their Complaint for Trespass, Nuisance and Permanent Injunction against Ms. Will, the Koesters and J & B in Vanderburgh County Superior Court under Cause No. 82D01-2307-CT-003374 (the "Underlying Lawsuit"). A true and accurate copy of the complaint from the Underlying Lawsuit is attached as **Exhibit 10**.

11. The Underlying Lawsuit alleges that the Lockyears own property located at 11737 St. Wendel Road, Evansville, IN 47720 (the "Lockyear Property") and that Ms. Will owns property located at 11544 St. Wendel Road, Evansville, IN 47720 (the "Will Property") which is immediately adjacent to the Lockyear Property, bordering it to the north and east. (**Exhibit 10, ¶¶ 1-2, 7**)

12. The Underlying Lawsuit further alleges that the Will Property is used for farming and that, since about 2016, the Koesters and/or J & B have leased the Will Property from Ms. Will and been responsible for its development. (**Exhibit 10, ¶ ¶ 8-9**)

13. The Underlying Lawsuit further alleges that the Lockyear Property contains a stream that runs onto the Will Property. (**Exhibit 10, ¶ 10**)

14. The Underlying Lawsuit further alleges that the Koesters and/or J & B, during their

tenancy on the Will Property that began in 2016, walled off the stream from the Lockyear Property at the point in which it enters the Will Property. The Underlying Lawsuit further alleges that, as a result of that blockage, the Lockyear Property was flooded, causing timber damage and washouts. (**Exhibit 10, ¶ 12**)

15. The Underlying Lawsuit further alleges that the Koesters and/or J & B pushed debris and plant matter from the Will Property onto the Lockyear Property, damaging timber and cutting off access on the Lockyear Property. (**Exhibit 10, ¶ 13**)

16. The Underlying Lawsuit further alleges that Ms. Will, as owner of the Will Property, consented to the activities of the Koesters and/or J & B and received and retained the benefit of their activities, including economic gain. The Underlying Lawsuit alleges Ms. Will is jointly and severally liable for the negligence of the Koesters and/or J & B under the doctrine of *respondeat superior* because she breached her duty to use reasonable care in supervising her agents and lessees, namely when they blocked the stream. (**Exhibit 10, ¶¶ 15-16**)

17. Count I of the Underlying Lawsuit alleges negligence on the part of Ms. Will, the Koesters and J & B and specifically alleges that: 1) they each owed a duty to the Lockyears to conduct activity on the Will Property in such a manner as to avoid causing damage to the Lockyear Property; 2) they each intentionally, negligently and/or recklessly breached that duty of care when they blocked the stream and caused flooding on the Lockyear Property; and, 3) they each engaged in negligence that directly and proximately caused damages to the Lockyears. (**Exhibit 10, ¶¶ 17-20**)

18. Count II of the Underlying Lawsuit alleges that Ms. Will, the Koesters and J & B trespassed on the Lockyear Property by blocking the stream and pushing debris and plant matter off the Will Property onto the Lockyear Property without a legal right to do so. (**Exhibit 10, ¶¶**

**21-24**).

19. Count III of the Underlying Lawsuit alleges that the actions of Ms. Will, the Koesters and J & B constitute a nuisance in that they interfered with the quiet and comfortable enjoyment of the Lockyear Property by causing flooding. (**Exhibit 10, ¶¶ 25-27**)

20. Count IV of the Underlying Lawsuit seeks a permanent injunction enjoining Ms. Will, the Koesters and J & B from blocking the stream. (**Exhibit 10, ¶¶ 28-29**)

21. Ms. Will has requested Grinnell defend and indemnify her in the Underlying Lawsuit pursuant to the terms of the Policy and/or its renewals.

22. On September 21, 2023, Grinnell issued a reservation-of-rights letter to Ms. Will wherein it set out the grounds for non-coverage for the Underlying Lawsuit, pursuant to the Policy and its renewals, but also agreed to defend Ms. Will in the Underlying Lawsuit under a full reservation of rights. A true and accurate copy of the Reservation of Rights Letter is attached as **Exhibit 11**.

23. Accordingly, there exists a present and existing controversy concerning Grinnell's duty under the Policy and its renewals to defend and indemnify Ms. Will in the Underlying Lawsuit.

## COUNT I – LIABILITY COVERAGE - NO "OCCURRENCE"

24. Grinnell incorporates its allegations in Paragraphs 1 through 23 as if fully set forth herein.

25. The grant of coverage in the Liability section of the Policy and each of its renewals states as follows:

> **FARM-GUARD POLICY**
>
> \*\*\*
>
> **SECTION II – LIABILITY**

A. **Coverages**

1. **Liability to Public**

   Subject to the limits shown in the Declarations for **COVERAGE A – LIABILITY TO PUBLIC** and the terms of this policy, "we" will pay compensatory damages for which any "insured" becomes legally liable as a result of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies.

   If suit is filed against any "insured" for legal damages covered under this policy, "we" will provide a defense using lawyers "we" choose. "We" may investigate and settle any claim or suit as "we" deem appropriate.

   **"WE" WILL NOT DEFEND OR INDEMNIFY ANY "INSURED" IF "OUR" LIMIT OF LIABILITY HAS BEEN EXHAUSTED THROUGH PAYMENT OF A JUDGMENT OR SETTLEMENT, TENDER OF THE REMAINDER OF THE POLICY LIMIT TO THE CLERK OF COURT IN AN INTERPLEADER SUIT OR BY ORDER OF COURT, OR ANY COMBINATION OF THE ABOVE. NO LEGAL DEFENSE OR INDEMNIFICATION WILL BE FURNISHED TO ANY "INSURED" IF COVERAGE FOR THE "BODILY INJURY" OR "PROPERTY DAMAGE" DOES NOT EXIST UNDER THIS POLICY**.

(**Exhibit 1**, p. 27; **Exhibit 2**, p. 14; **Exhibit 3**, p. 26; **Exhibit 4**, p. 25; **Exhibit 5**, p. 62; **Exhibit 6**, p. 25; **Exhibit 7**, p. 23; **Exhibit 8**, p. 21; **Exhibit 9**, p. 25)

26. The Policy and all renewals define "occurrence" as follows:

    17. "Occurrence" means an accident, as perceived from the viewpoint of a reasonable person, causing unexpected "bodily injury" or "property damage" during the policy period. Continuous or repeated exposure to substantially the same harmful conditions, whether producing single or multiple instances of "bodily injury" or "property damage", constitutes a single "occurrence".

(**Exhibit 1**, p. 27; **Exhibit 2**, p. 14; **Exhibit 3**, p. 26; **Exhibit 4**, p. 25; **Exhibit 5**, p. 62; **Exhibit 6**, p. 25; **Exhibit 7**, p. 23; **Exhibit 8**, p. 21; **Exhibit 9**, p. 25)

27. There is no Liability coverage under the Policy and its renewals for Counts I, II and

III of the complaint in the Underlying Lawsuit as those allegations, as well as the facts known to Grinnell, indicate that the property damage alleged in the Underlying Lawsuit was not caused by an accident, and thus there was not an "occurrence" as that term is defined in the Policy and its renewals.

28. Grinnell seeks a declaration that it does not owe a duty to defend or indemnify Ms. Will under the Liability section of the Policy and its renewals for Counts I, II and III in the Underlying Lawsuit, as the alleged conduct does not constitute an "occurrence" as that term is defined in the Policy and its renewals.

## COUNT II – LIABILITY COVERAGE - OBSTRUCTION OF STREAMS EXCLUSION

29. Grinnell incorporates its allegations in Paragraphs 1 through 28 as if fully set forth herein.

30. The Liability section of the Policy and each renewal contains the following exclusion:

> **ADDITIONAL EXCLUSIONS UNDER COVERAGE A – LIABILITY TO PUBLIC**
>
> The following additional exclusions apply:
>
> **2.** "We" do not cover "property damage" resulting from diversion or obstruction of streams or surface water, or from interference with the natural drainage to or from the lands of others.

(**Exhibit 1**, p. 36; **Exhibit 2**, p. 23; **Exhibit 3**, p. 33; **Exhibit 4**, p. 33; **Exhibit 5**, p.71; **Exhibit 6**, p. 33; **Exhibit 7**, p. 31; **Exhibit 8**, p. 30; **Exhibit 9**, p. 33)

31. There is no Liability coverage under the Policy and its renewals for Counts I, II and III of the Underlying Lawsuit as the allegations in the Underlying Lawsuit, as well as the facts known to Grinnell, indicate that the alleged property damage clearly resulted from the diversion

or obstruction of a stream.

32. Grinnell seeks a declaration that it owes no duty to defend or indemnify Ms. Will for Counts I, II and III in the Underlying Lawsuit under the Liability section of the Policy and its renewals pursuant to the "diversion or obstruction of streams" exclusion.

**COUNT III – LIABILITY COVERAGE – CLAIM FOR INJUNCTIVE RELIEF DOES NOT SEEK DAMAGES FROM "BODILY INJURY" OR "PROPERTY DAMAGE"**

33. Grinnell incorporates its allegations in Paragraphs 1 through 32 as if fully set forth herein.

34. Count IV in the Underlying Lawsuit seeks only an injunction and not damages.

35. There is no coverage under the Policy or any renewal for Count IV as that count does not seek damages resulting from bodily injury or property damage.

36. Additionally, since Counts I, II and III of the Underlying Lawsuit are not covered by the Policy or any renewal, Grinnell has no duty to defend Ms. Will for Count IV of the Underlying Lawsuit.

37. Grinnell seeks a declaration that it owes no duty to defend or indemnify Ms. Will for Count IV in the Underlying Lawsuit as it does not seek damages for bodily injury or property damage.

**COUNT IV – OTHER TERMS OF THE GRINNELL POLICY**

38. Grinnell incorporates its allegations in Paragraphs 1 through 37 as if fully set forth herein.

39. Grinnell seeks a judicial declaration that it owes no duty to defend or indemnify Ms. Will in the Underlying Lawsuit under any other terms, conditions, exclusions, limitations, and endorsements of the Policy and its renewals that may apply.

WHEREFORE, Plaintiff, Grinnell Mutual Reinsurance Company, by counsel, prays that judgment be entered in its favor and against Defendants, Ruth C. Will, Thomas Lockyear, Karen Lockyear, Joe Koester, Brian Koester and J & B Farms Trucking, LLC:

A. Declaring that Grinnell owes no duty to defend or indemnify Ms. Will for Counts I, II and III of the Underlying Lawsuit as those counts do not allege an "occurrence" as that term is defined in the Policy and each renewal;

B. Declaring that Grinnell owes no duty to defend or indemnify Ms. Will for Counts I, II and III in the Underlying Lawsuit pursuant to the diversion-of-streams exclusion in the Policy and each renewal;

C. Declaring that Grinnell owes no duty to defend or indemnify Ms. Will for Count IV in the Underlying Lawsuit because Count IV does not seek damages resulting from bodily injury or property damage; and

D. Declaring that Grinnell is entitled to such other and further relief as the Court deems just and proper.

Dated: October 4, 2023

Respectfully submitted,

*/s/ James P. Strenski*
James P. Strenski, Atty. No. 18186-53
Christopher Goff, Atty. No. 36833-49
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Phone: 317.550.1855
Fax: 317.569.6016
E-Mail: jstrenski@paganelligroup.com
cgoff@paganelligroup.com

*Attorneys for Plaintiff, Grinnell Mutual Reinsurance Company*